```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE WATTS,                       :    CIVIL ACTION
                                   :    NO. 13-3518
          Petitioner,              :
                                   :
     v.                            :
                                   :
JOHN WETZEL, et al.,               :
                                   :
          Respondents.             :
                                   :
```

### **O R D E R**

**AND NOW,** this **19th** day of **November, 2013,** after review of the Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 10) and Petitioner's objections thereto (ECF No. 12),[1] it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED;**

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED;**[2]

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2012); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Chief Magistrate Judge Wells recommends denying Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus because the petition is untimely. Report & Recommendation 5 (citing 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitations for habeas corpus petitions)).

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

(4) A certificate of appealability shall not issue; and

(5) The Clerk shall mark this case **CLOSED**.


**AND IT IS SO ORDERED.**


<u>/s/ Eduardo C. Robreno</u>
**EDUARDO C. ROBRENO, J.**

---

Petitioner argues that his petition was in fact timely because it was filed within 60 days of the new rule of law announced by the Supreme Court in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012). Pet'r's Resp. 2. In that decision, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. Petitioner contends based on that holding that his petition was timely, as it was filed within one year of the date on which a constitutional right "was initially recognized by the Supreme Court." <u>See</u> 28 U.S.C. § 2244(d)(1)(C).

But, as the Report and Recommendation rightly notes, Petitioner cannot assert the constitutional right recognized in <u>Miller</u> because he was over the age of 18 at the time of his offense. <u>See</u> Report & Recommendation 4-5; <u>see also</u> Pet'r's Resp. 1 ("At the time of the crimes petitioner was 22 years old."). Although Petitioner argues that the rule set forth in <u>Miller</u> should be extended to offenders over the age of 18, that argument is not based upon a new rule of law recognized by the Supreme Court within the last year, but instead is an argument for a change in the law. Therefore, irrespective of the underlying merits or persuasiveness of Petitioner's argument, it does not allow Petitioner to avoid the one-year statute of limitations.